# Scope of the Attorney General's Authority to Assign Duties Under 21 U.S.C. § 878(a)(5)

*Under 21 U.S.C. § 878(a)(5), the Attorney General may authorize the Drug Enforcement Administration to investigate possible violations of federal law, even if those violations do not concern the narcotics laws.*

March 24, 2003

MEMORANDUM OPINION FOR THE DEPUTY ATTORNEY GENERAL

This memorandum will confirm our oral advice that, under 21 U.S.C. § 878(a)(5) (2000), the Attorney General may authorize the Drug Enforcement Administration ("DEA") to investigate possible violations of federal criminal law, whether or not they arise from investigations of possible narcotics violations. Reaching this conclusion, we disavow an earlier opinion in which our Office arrived at the contrary result. Memorandum for George W. Calhoun, Senior Counsel, Office of the Associate Attorney General, from Douglas W. Kmiec, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Authority of State and Local Law Enforcement Officers Under 21 U.S.C. 878* (June 29, 1988) ("1988 Opinion").

Under 21 U.S.C. § 878(a), the Attorney General may authorize any officer or employee of the DEA or any state or local law enforcement officer to undertake the following activities:

(1) carry firearms;

(2) execute and serve search warrants, arrest warrants, administrative inspection warrants, subpoenas, and summonses issued under the authority of the United States;

(3) make arrests without warrant (A) for any offense against the United States committed in his presence, or (B) for any felony, cognizable under the laws of the United States, if he has probable cause to believe that the person to be arrested has committed or is committing a felony;

(4) make seizures of property pursuant to the provisions of this subchapter; and

(5) perform such other law enforcement duties as the Attorney General may designate.

Under the general delegation of the Attorney General's powers in 28 C.F.R. § 0.15 (2002), you may exercise the Attorney General's authority under subsection (a)(5)

to enable the DEA to "perform such other law enforcement duties as the Attorney General may designate." The DEA asked you to approve its participation in the investigation of possible federal crimes relating to a series of killings by a sniper in the Washington, D.C., metropolitan area.

Our 1988 Opinion concluded that "section 878(a)(5) pertains to general law enforcement work which, while not limited to the investigation of the drug laws, nevertheless arises from or is supplementary to it." 1988 Opinion at 3; *see also* Memorandum for Arnold I. Burns, Deputy Attorney General, from Charles J. Cooper, Assistant Attorney General, Office of Legal Counsel, *Re: Federal Bureau of Investigation (FBI) Authority to Deputize State and Local Law Enforcement Officers in Drug Enforcement Investigations* (July 24, 1987) (section 878 enables the DEA officers and employees and state and local law enforcement officers to "perform other law enforcement duties in controlled substance investigations as determined by the Attorney General"). We based this conclusion on the "place-ment [of section 878] within the Comprehensive Drug Abuse Prevention and Control Act." *Id.* We also argued that the legislative history of the provision "is not inconsistent with this conclusion." *Id.* Although the 1988 Opinion directly addressed the Attorney General's conferring authority on state and local law enforcement officials, its reasoning was equally applicable to grants of authority to the DEA; and indeed the 1988 Opinion cited, in support of its conclusion, "the established principle that a *federal* agency is precluded from using appropriated funds to finance activities that lie outside of that agency's statutory purpose." *Id.* at 3 n.3 (emphasis added; citation omitted). Here, because the sniper investigation has no known link to any drug offense, the 1988 Opinion would preclude authoriz-ing the DEA's participation under section 878.[1]

Section 878(a)(5) permits the Attorney General to assign the DEA "such other law enforcement duties as the Attorney General may designate." By its terms, the provision does not limit these "law enforcement duties" to narcotics cases, and "[a]bsent a clearly expressed legislative intention to the contrary, [the] language [of the statute] must ordinarily be regarded as conclusive." *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). In its breadth, subsection (a)(5) contrasts with subsection (a)(4), which specifically refers to narcotics offenses by stating that the Attorney General may authorize officials to "make seizures of property pursuant to the provisions of this subchapter." It contrasts, too, with various other provisions of the same subchapter. *See* 21 U.S.C. §§ 871(a) (2000) (delegation of any "functions under this subchapter"); 871(b) (authority to issue rules "for the efficient execution of [the Attorney General's] functions under this subchapter"); 871(c) (acceptance of gifts "for the purpose of

---

[1] We do not address whether another means might be available to enable the DEA to participate in the investigation, *see* 28 U.S.C. §§ 509 and 510 (2000), and what consequences, under appropriations law, would follow from the use of such other means.

preventing or controlling the abuse of controlled substances"); 872(a) (2000) (educational and research programs relating to laws concerning drugs). "'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *Russello v. United States*, 464 U.S. 16, 23 (1983) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)). The language of section 878(a)(5) thus gives no warrant for restricting the provision to the investigation of offenses connected with narcotics cases.

The legislative history, moreover, confirms what the words of the statute say. According to the House Report, subsection (a)(5) "is not aimed at any particular function, but provides the Attorney General with flexibility in the utilization of enforcement personnel wherever and whenever the need arises." H. Rep. No. 91-1444, pt. I, at 53–54 (1970). The Senate Report uses similar language, although omitting the phrase "wherever and whenever the need arises." S. Rep. No. 91-613, at 30 (1969). The legislative intent was thus to give the Attorney General broad flexibility, without regard to the "particular function" to be performed.

In 1988, we relied on the "inclusion of subsection (a)(5) in the Comprehensive Drug Abuse Prevention and Control Act" to arrive at the conclusion that the provision allows the Attorney General to confer additional powers only in connection with narcotics cases. 1988 Opinion at 3. Whatever weight the inclusion of the provision in that statute would deserve if the statutory language were unclear, the clear statutory language dictates the result we reach. In 1988, we also dismissed the legislative history, by arguing that "there is no indication in the [House Committee] report that Congress intended section 878(a)(5) to give the Attorney General authority to use state and local law enforcement personnel [the subject of that opinion] for needs which did not arise in the course of a Title 21 drug investigation." 1988 Opinion at 3. By the same token, however, the legislative history in no way suggests any limitation to investigations under title 21 but instead uses language that is far more general: the authority to be conferred is "not aimed at any particular function," is intended to give the Attorney General "flexibility," and (according to the House Report) enables the Attorney General to use law enforcement personnel "wherever and whenever the need arises." The legislative history, accordingly, squares with and reinforces the statutory language.[2]

---

[2] At the same time Congress enacted section 878(a)(5), it broadened the existing arrest authority of DEA agents, so that they could make arrests for any offenses against the United States, not just for drug offenses. 21 U.S.C. § 878(a)(3); *see* H. Rep. No. 91-1444, pt. I, at 53. The reasoning of the 1988 Opinion would appear to limit this authority to arrests arising from offenses connected with narcotics cases. Our reasoning here, however, entails the conclusion that subsection (a)(3) is not so restricted.

We therefore believe that, under 21 U.S.C. § 878(a)(5), the Attorney General may authorize the DEA to investigate federal crimes that are unconnected to narcotics cases.

JAY S. BYBEE
*Assistant Attorney General*
*Office of Legal Counsel*